UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTIAN OLDFIELD,

    Plaintiff,

v.                                                Case No.  3:15-cv-558-J-MCR

CAROLYN W. COLVIN, Commissioner of
the Social Security Administration,

    Defendant.
_____/

## **MEMORANDUM OPINION AND ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his applications for a period of disability, Disability Insurance Benefits, and Supplemental Security Income.  Plaintiff alleges he became disabled on June 1, 2012.  (Tr. 172-79.)  Plaintiff's claims were denied initially and on reconsideration.  (Tr. 56-103, 106-127.)  A hearing was held before the assigned Administrative Law Judge ("ALJ") on August 7, 2014, at which Plaintiff was represented by an attorney.  (Tr. 39-55.)  The ALJ found Plaintiff not disabled from June 1, 2012, the alleged onset date, through December 17, 2014, the date of the decision.  (Tr. 25-34.)

Plaintiff is appealing the Commissioner's decision that he was not disabled from June 1, 2012 through December 17, 2014.  Plaintiff has exhausted his

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Doc. 14.)

available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the Commissioner's decision is **REVERSED AND REMANDED.**

I.     Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to

determine the reasonableness of the Commissioner's factual findings).

Generally, a claimant may present new evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. § 404.900(b)). The Appeals Council has discretion to decline to review the ALJ's denial of benefits. *See* 20 C.F.R. §§ 404.970(b), 416.1470(b). The Regulations provide that the Appeals Council will review an ALJ's decision only when it determines after review of the entire record, including new and material evidence, that the decision is contrary to the weight of the evidence currently in the record. 20 C.F.R. §§ 404.970(b), 416.1470(b). New evidence is material if "it is relevant and probative so that there is a reasonable possibility that it would change the administrative result." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987) (citations omitted). New evidence presented to the Appeals Council must relate to the period on or before the ALJ's hearing decision. *Id.*

When the Appeals Council has denied review despite new evidence properly presented, a reviewing court must consider whether the denial of benefits is supported by substantial evidence in the record as a whole, including the evidence submitted to the Appeals Council. *Ingram*, 496 F.3d at 1262.

**II.   Discussion**

Plaintiff raises one general issue on appeal. Plaintiff argues that the Appeals Council failed to properly analyze the new evidence submitted by him.

3

Specifically, Plaintiff submitted hospital records from his involuntary commitment in October 2014, occurring after the hearing before the ALJ, but prior to the ALJ's decision.  (Tr. 743-838.)  Plaintiff contends that the new records show he meets paragraph C of Listing 12.03 and, as such, the Appeals Council's denial of review constitutes reversible error.  Plaintiff also argues in his reply brief that it is unclear from the record whether the Appeals Council actually considered whether the paragraph C requirements were met, thereby warranting remand. (Doc. 20 at 4-5.)  Plaintiff alternatively contends that the hospital records undermine the ALJ's residual functional capacity ("RFC") determination and the Appeals Council's denial of review constitutes reversible error on that basis.  Defendant contends that, even with the new evidence, Plaintiff failed to meet his burden of showing that he meets the requirements of Listing 12.03(C).  Defendant also argues that the ALJ's RFC determination is supported by substantial evidence even when consideration is given to the new evidence.

    **A.**    **The ALJ's Decision and Appeals Council Review**

The ALJ found that Plaintiff had severe impairments, including insulin dependant type II diabetes mellitus, schizoaffective disorder, and polysubstance abuse in remission.  (Tr. 27.)  However, the ALJ found that "claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925

and 416.926)." (Tr. 28.)  In considering the mental disorder listings under sections 12.00, the ALJ found that Plaintiff "has experienced one to two episodes of decompensation, each of extended duration."  (Tr. 29.)  Ultimately, however, the ALJ found that the "paragraph C" criteria are not satisfied because, *inter alia*, Plaintiff "does not suffer from repeated episodes of decompensation of extended duration."  (*Id.*)

      The ALJ then determined that Plaintiff had the RFC to perform light work with limitations.  (*Id.*)  Continuing on with the evaluation, the ALJ determined that Plaintiff could not perform his past relevant work as a pipe fitter, but could perform jobs that exist in significant numbers in the national economy, such as office helper, mail clerk and laundry sorter.  (Tr. 33-34.)  The ALJ ultimately concluded that Plaintiff was not disabled.  (Tr. 34.)

      Subsequent to the hearing before the ALJ, but prior to the ALJ's decision, Plaintiff was involuntarily hospitalized.  The records show that Plaintiff was admitted to Northeast Florida State Hospital on October 23, 2014.  (Tr. 741.)  Plaintiff submitted the hospital records, dated October 23, 2014 through December 12, 2014, to the Appeals Council.  The Appeals Council made the new evidence part of the record.  (Tr. 741-838.)  On March 2, 2015, the Appeals Council denied review, stating only that it considered the new evidence but found that the new evidence "does not provide a basis for changing the ALJ's

decision."[2]  (Tr. 2.)

**B.     Analysis**

Plaintiff argues that the ALJ failed to adequately review his hospital records.  Plaintiff initially contends that his involuntary commitment to Northeast Florida State Hospital indicates a third episode of decompensation within a one (1) year period, thereby satisfying Listing 12.03(C)'s requirements.  Plaintiff also argues that it is not clear from the record if the Appeals Council considered whether the paragraph C criteria were met in light of the new evidence presented.

To meet Listing 12.03(C), a claimant must show the following:

> C.  Medically documented history of a chronic schizophrenic, paranoid, or other psychotic disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support and one of the following:
>
> 1.  Repeated episodes of decompensation, each of extended duration[.]

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.03.  The Social Security regulations define the term "repeated episodes of decompensation," in relevant part, as follows:

> Episodes of decompensation are exacerbations or temporary increases in symptoms or signs accompanied by a loss of

---

[2] The Appeals Council also looked at hospital records dated December 20, 2014 through January 20, 2015.  However, the Appeals Council found the records not to be chronologically relevant as they were dated after the ALJ's decision was rendered.  (Tr. 2.)

> adaptive functioning, as manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence, or pace . . . Episodes of decompensation may be inferred from medical records showing significant alteration in medication; or documentation of the need for a more structured psychological support system (e.g., hospitalizations, placement in a halfway house, or a highly structured and directing household) . . .
>
> The term repeated episodes of decompensation, each of extended duration in these listings mean three episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks.  If you have experienced more frequent episodes of shorter duration or less frequent episodes of longer duration, we must use judgment to determine if the duration and functional effects of the episodes are of equal severity and may be used to substitute for the listed finding in a determination of equivalence.

*Id.* at 12.00(C)(4).

Upon review, the Court cannot conclude that the Appeals Council applied the correct legal standards for evaluating whether the new, material evidence met Listing 12.03(C)'s requirements, thereby warranting remand.  While "[t]he Appeals Council is not required to 'give a detailed rationale for why each piece of new evidence submitted to it does not change the ALJ's decision' . . . it must 'apply the correct legal standards in performing its duties.'" *Hethcox v. Comm'r of Soc. Sec.*, 638 F. App'x 833, 836 (11th Cir. 2015) (quoting *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 784 (11th Cir. 2014)).  Here, there is nothing in the Appeals Council's denial to indicate that it properly evaluated whether the new, material evidence met Listing 12.03(C)'s requirements in light of the ALJ's

findings.[3] *See Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 745 (11th Cir. 2011) ("When a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it has *adequately* evaluated the new evidence.") (citing *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980)) (emphasis added). Thus, the Court cannot determine whether the Appeals Council did more than just "perfunctorily adhere[] to the decision of the [ALJ]." *Epps*, 624 F.2d at 1273.[4] Remand to the Social Security Administration is appropriate for a determination on whether Plaintiff meets Listing 12.03(C)'s requirements. *See Hethcox*, 638 F. App'x at 836 (remanding the case to the Social Security Administration for a determination on whether the plaintiff meets Listing 12.05(C)'s requirements where the Appeals Council failed to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)).[5]

---

[3] Notably, the analyst who considered the new evidence and made the recommendation to the Appeals Council to deny review also failed to mention the listing or its requirements. (*See, e.g.,* Tr. 8-10 (discussing how the hospital records support the ALJ's discussion in his RFC determination and noting that "[f]ar from changing the weight of the evidence toward disability, this new [medical evidence of record] just shines a light on [Plaintiff's] determined agenda to be found disabled and to continue opioid seeking at all times possible").

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[5] The undersigned is aware of *Mitchell*, holding that the Appeals Council is not required to provide a detailed discussion of its rationale for denying a request for review.

It is important to note that the ALJ found in his discussion of the listings that Plaintiff "has experienced one to two episodes of decompensation, each of extended duration," and discussed Plaintiff's repeated hospitalizations since his onset date. (Tr. 29.) Ultimately, the ALJ found Plaintiff did not meet paragraph C1's requirements because he does not suffer from repeated episodes of decompensation of extended duration. (*Id.*) The record reveals that Plaintiff was admitted to Orange Park Medical Center on February 21, 2014, and discharged the same day, as a result of depression and suicidal thoughts. (Tr. 614-17, 735-36.) Plaintiff was re-admitted to Orange Park Medical Center's Psychiatric Unit on February 24, 2014, as he "progressively became more depressed" and "decompensated." (Tr. 735.) Plaintiff reported that he "went to Orange Park for 20 days."[6] (Tr. 698.) Plaintiff was again admitted to Orange Park Medical Center's Psychiatric Unit on July 16, 2014, after being involuntarily committed due to suicidal and homicidal thoughts. (Tr. 725-26, 737-38.) He was discharged on August 2, 2014. (Tr. 737.)

The new evidence shows Plaintiff's involuntary commitment to Northeast

---

771 F.3d at 783-85. However, unlike in *Mitchell*, and as explained in this decision, the undersigned finds that a basis exists for doubting the Appeals Council's evaluation of the new evidence with respect to whether Plaintiff met Listing 12.03(C)'s requirements. *See Mitchell*, 771 F.3d at 784 (distinguishing the Eleventh Circuit cases that remanded as a result of the Appeals Council's failure to discuss the new evidence in its denial and stating that "[o]n the record before us, we do not have a similar basis for doubting the Appeals Council's statement that it considered Mitchell's additional evidence").

[6] Dr. Henry Lepely reported this statement on March 5, 2014, nine (9) days after the February 24, 2014 re-admission date.

Florida State Hospital on October 23, 2014.  (Tr. 741, 759.)  As of the date of the ALJ's decision (December 17, 2014), it does not appear that Plaintiff was discharged.  (Tr. 804.)  Although it is unclear whether the ALJ considered the February and July 2014 hospitalizations as the episodes of decompensation to which he referred in his decision (and, if so, whether the hospitalizations counted as one or two episodes and why), the October 23, 2014 involuntary hospitalization provides a reasonable possibility of changing the ALJ's decision.  *See, e.g., Flowers*, 441 F. App'x at 745 ("We conclude that the Appeals Council did not adequately consider Flowers's new evidence . . . Furthermore, there is a reasonable possibility that Flowers's new evidence would change the ALJ's decision.").  In other words, the October-December 2014 hospitalization, when viewed in conjunction with the February and July 2014 hospitalizations, could constitute "repeated episodes of decompensation, each of extended duration," as three hospitalizations occurred within the same year.  *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(C)(4).

      The Commissioner contends that the hospitalizations cannot be viewed as three episodes of decompensation, each of extended duration, in 2014 because the record fails to show (other than Plaintiff's own remark on March 5, 2014 that he was hospitalized for twenty (20) days) that Plaintiff's February 24, 2014 hospitalization lasted for at least two weeks.  However, it is clear that the regulations are not so rigid in application and it is up to the Social Security

10

Administration to address whether the duration of Plaintiff's 2014 hospitalizations (February 21, 2014 admission, lasting one day, February 24, 2014 admission, presumably lasting nine days, July 16, 2014 admission, lasting more than two weeks, and October 23, 2014 admission, lasting close to two months) are sufficient to meet the requirements of paragraph C.  *Id.* ("The term repeated episodes of decompensation, each of extended duration in these listings mean three episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks.  *If you have experienced more frequent episodes of shorter duration or less frequent episodes of longer duration, we must use judgment to determine if the duration and functional effects of the episodes are of equal severity and may be used to substitute for the listed finding in a determination of equivalence*") (emphasis added); *see also Sunwall v. Colvin*, 158 F. Supp. 3d 1077, 1083-84 (D. Ore. 2016) ("In her brief, the Commissioner notes that this hospitalization was for nine days, and so was shorter than the regulation's two-week benchmark to show that an episode of decompensation was of 'extended duration.'  But the regulations are not inflexible, providing that 'less frequent episodes of longer duration . . . may be used to substitute for' episodes of shorter duration.") (internal citations omitted).[7]

---

[7] Moreover, the Commissioner's argument that Plaintiff cannot show that he had symptoms or signs currently attenuated by medication or psychosocial support appears contrary to the ALJ's findings.  (Tr. 29 (finding that Plaintiff did not meet paragraph C1 only because Plaintiff "does not suffer from repeated episodes of decompensation of extended duration"), Tr. 31-32 (stating that Plaintiff's psychiatric symptoms "stabilized"

Accordingly, the Commissioner's decision is due to be remanded because the Appeals Council failed to provide the Court with sufficient reasoning for it to determine that the proper legal analysis has been conducted and because the new evidence could change the administrative result.  In light of this conclusion, the Court finds it unnecessary to consider Plaintiff's other argument that the new evidence undermines the ALJ's RFC determination.  *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986).  However, the Commissioner will be directed to reconsider all evidence, including the new evidence made part of the record, in rendering a decision.  *See, e.g., Alexander v. Comm'r of Soc. Sec.*, Case No.: 8:13-cv-1602-T-GJK, 2014 WL 4211311 at *3 n.3 (M.D. Fla. Aug. 26, 2014) (citing *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (stating that on remand the ALJ must reassess the entire record)).

Accordingly, it is **ORDERED**:

1.	The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** with instructions to the Commissioner to: (a) reconsider whether Plaintiff meets or medically equals the criteria of Listing 12.03(C) in light of the new evidence presented; (b) reconsider whether the record evidence, including the new evidence, changes the RFC determination if it is determined that Listing 12.03(C) is not met, and (c) conduct any further proceedings deemed appropriate.

---

with medication and individual/group psychotherapy treatment).)

2. The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

3. Plaintiff's counsel is advised that, in the event benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in Case No.: 6:12-124-Orl-22 (*In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** at Jacksonville, Florida, on September 26, 2016.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record